IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01085-BNB

DAVID BAXTER, a/k/a RICHIE A. HILL,
    Plaintiff,

v.

HARLEY G. LAPPIN, Director, B.O.P.,
CO OFFICER BREAD, U.S.P. Florence,
LT. GRAY, ADX Max,
PAUL M. LAIRD, Associate Warden,
LT. LEON EGGLESTON, U.S.P. Florence,
STEVEN HASEN, U.S.P. Florence, and
JOHN DOE, Unknown Persons, et al.,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 5 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, David Baxter, is an inmate in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Mr. Baxter has filed *pro se* a Prisoner Complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The court must construe the complaint liberally because Mr. Baxter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baxter will be ordered to file an amended complaint.

The Court has reviewed the Prisoner Complaint and finds that it is deficient because Mr. Baxter fails to allege facts that demonstrate how each Defendant

personally participated in the asserted constitutional violation. In order to succeed in a *Bivens* action, Mr. Baxter must demonstrate that federal officials violated his rights under the United States Constitution while acting under color of federal law. *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).

Mr. Baxter apparently claims that his constitutional rights were violated in 2000 when prison officials placed another inmate in his cell with box cutters and orders to kill Mr. Baxter. However, he fails to allege specific facts that demonstrate how each Defendant personally participated in the asserted violation of his constitutional rights.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In order to state a claim in federal court, Mr. Baxter "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baxter must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A

Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Mr. Baxter alleges generally that all of the named Defendants were involved in the incident in which another inmate was placed in his cell with box cutters and orders to kill him. However, he fails to specify how each Defendant was involved. In other words, he fails to specify what each Defendant did that violated his rights. Therefore, Mr. Baxter will be ordered to file an amended complaint that includes specific allegations of personal participation by each named Defendant if he wishes to pursue his claims in this action. Accordingly, it is

ORDERED that Mr. Baxter file **within thirty (30) days from the date of this order** an amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Baxter, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Baxter fails to file an amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED August 5, 2010, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01085-BNB

David Baxter
a/k/a Richie A. Hill
Reg No. 20689-018
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8|5|10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk