IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01085-ZLW-MJW

DAVID BAXTER,
    a/k/a RICHIE A. HILL,

    Plaintiff,

v.

HARLEY G. LAPPIN, B.O.P. Director,
CORR. OFFICER BREAD, U.S.P. Florence,
LT. GRAY, ADX-Max, U.S.P. Florence,
PAUL M. LAIRD, AW, U.S.P. Florence,
LT. LEON EGGLESTON, U.S.P. Florence,
STEVEN HASEN, U.S.P. Florence, and
JOHN DOE, Unknown Persons, et al.,

    Defendants.

_____

ORDER
_____

    The matter before the Court is Defendants' Motion To Reconsider Order Granting Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* (Doc. No. 30).  Defendants argue that because Plaintiff has received three strikes as defined under the Prisoner Litigation Reform Act (PLRA), this Court should reconsider its decision to grant Plaintiff *in forma pauperis* status.

The current action was initiated on May 10, 2010.[1]  On June 17, 2010, Magistrate Judge Boyd N. Boland entered an order (Doc. No. 6) granting Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an $8.00 initial partial filing fee.  On August 3, 2010, Magistrate Judge Boland entered an order (Doc. No. 10) allowing Plaintiff to proceed without payment of this initial filing fee.

Generally, prisoners are allowed to proceed *in forma pauperis* if they demonstrate that they are "unable to pay [court] fees or give security therefor.[2]  However,

> [i]n no event shall a prisoner bring a civil action . . . [under 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

Defendants provide a list of four cases they claim should count as strikes for purposes of determine *in forma pauperis* status in this case.  The Court need only examine two of them to determine that neither count as strikes in this case and, thus, Plaintiff does not have three strikes.

---

[1] Magistrate Judge Boland's original order directing the clerk to commence a civil action (Doc. No. 2) is dated May 10, 2010, and the Complaint was filed May 10, 2010 (Doc. No. 30)

[2] 28 U.S.C. § 1915(a)(1).

[3] 28 U.S.C. § 1915(g).

2

Defendants argue that the dismissal in Baxter v. Samples[4] should count as a strike. However, this alleged strike occurred on July 19, 2010, more than two months after Plaintiff filed the present action. Strikes are counted as of the time the case was filed.[5] Therefore, Baxter v. Samples does not count as a strike in this case.

Defendants also argue that the dismissal in Baxter v. Lappin[6] should count as a strike. This dismissal occurred on May 7, 2010, before this case was initiated. However, a dismissal "does not count as a strike until *after* the litigant has exhausted or waived his opportunity to appeal."[7] Plaintiff's time to appeal had not yet been exhausted by May 10, 2010[8] and there is no indication that he waived his opportunity to appeal in that case. Thus, Baxter v. Lappin does not count as a strike in this case.

Plaintiff did not have three strikes at the time this case was filed and the decision to grant him *in forma pauperis* status was proper. Accordingly, it is

---

[4] 10-cv-1210-UNA, Doc. No. 4 (D.D.C. July 19, 2010).

[5] *See* Hafed v. Fed. Bureau of Prisons, ___ F.3d ___, Nos. 09-1090 & 09-1365, slip op. at 6 (10th Cir. Feb. 4, 2011) (analysis of whether strikes were incurred *before* case was filed).

[6] 09-cv-896-JBG, 2010 WL 1849335 at **2-3 (S.D. Ill. May 7, 2010).

[7] Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999) (emphasis added); Hafed, slip op. at 5.

[8] *See* Fed. R. App. P. 4.

ORDERED that Defendants' Motion To Reconsider Order Granting Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* (Doc. No. 30; Feb. 1, 2011) is denied.

DATED at Denver, Colorado, this 9th day of February, 2011.

BY THE COURT:

*/s/ Zita Leeson Weinshienk*

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court