IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01085-WYD-MJW

DAVID BAXTER,
a/k/a Richie A. Hill,

Plaintiff,

v.

HARLEY G. LAPPIN, B.O.P. Director,
CORR. OFFICER BREAD, U.S.P. Florence,
LT. GRAY, ADX-Max, U.S.P. Florence,
PAUL M. LAIRD, AW, U.S.P. Florence,
LT. LEON EGGLESTON, U.S.P. Florence,
STEVEN HASEN, U.S.P. Florence, and
JOHN DOE, Unknown Persons, et al.,

Defendants.

---

**RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS (Docket No. 28)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case was referred to the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by Senior Judge Zita Leeson Weinshienk on September 8, 2010 (Docket No. 15). Upon Judge Weinshienk's retirement, the case was reassigned to Chief Judge Wiley Y. Daniel. (Docket No. 32).

The pro se incarcerated plaintiff alleges the following in his Amended Prisoner Complaint brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). (Docket No. 12). The defendants violated the Eighth Amendment when in 2000 they masterminded the

2

murder of inmate James Curtis Martin at U.S.P. Florence, trying to set the plaintiff up to get killed. Defendants did so by giving Martin a boxcutter/razors and the plaintiff's name and telling him to kill plaintiff, but plaintiff killed Martin first. Defendants called the murder "Weekend at Burnies." Plaintiff seeks compensatory and punitive damages totaling $185,000 from each defendant, as well as a transfer to a state prison because he does not "want to keep killing - people - and - if I stay in the feds/I feel like - I will have to keep killing  -/ etc./ - [I'm - not going - to - let them - kill me." (Docket No. 12 at 11).

Now before the court for a report and recommendation is the Defendants' Motion to Dismiss (Docket No. 28) which was filed by the three named defendants who have been served, Laird, Eggleston, and Hansen. The moving defendants seek dismissal of the Amended Prisoner Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds: (1) failure to file this <u>Bivens</u> action within the two-year statute of limitations, (2) failure to alleged personal action by the defendants, (3) failure to obey the court's order to file a proper amended complaint or face dismissal, and (4) defendants are entitled to qualified immunity. Plaintiff has not filed a response to the motion. The court has considered the motion as well as the court's file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions of law, and recommendation.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. <u>Morse v. Regents of the Univ. of Colo.</u>, 154 F.3d 1124, 1126 (10th Cir. 1998); <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th

3

Cir. 1996). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's

4

failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

Defendants assert that the plaintiff did not file this action within the applicable two-year statute of limitations. "A Bivens claim is subject to the general personal injury statute of limitations of the state where the claim arose. . . . Colorado's general statute of limitations for personal injury claims provides that a claim must be brought within two years after the action accrues." Trujillo v. Simer, 934 F. Supp. 1217, 1226 (D. Colo. 1996). Federal law, rather than state law, however, determines when a federal claim accrues. The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence of the injury which is the basis of his action. Kripp v. Luton, 466 F.3d 1171, 1175 (10th Cir. 2006); Industrial Constructors Corp. v. U.S. Bureau of Reclamation, 15 F.3d 963, 969 (10th Cir. 1994). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Industrial Constructors Corp., 15 F.3d at 969.

The original Prisoner Complaint was received by the court on May 10, 2010 (Docket No. 3). While that pleading was dated "7/9/09," that date is scratched out. (Docket No. 3 at 10). (Docket No. 3 at 1). At the time the original Prisoner Complaint was submitted to the court, the plaintiff also submitted an inmate account statement that was dated May 3, 2010 (Docket No. 4). Under the prison "mailbox rule," the Prisoner Complaint should be deemed "filed" at the moment of its delivery to prison authorities for forwarding to the District Court. See Houston v. Lack, 487 U.S. 266 (1988).

Therefore, it would appear that the earliest the documents could have been delivered to prison authorities was on May 4, 2010.

A review of the Amended Prisoner Complaint shows plaintiff avers that he killed inmate Martin in 2000,[1] well more than two years before this action was commenced in May 2010. "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." Garrett v. Arrowhead Imp. Ass'n, 826 P.2d 850, 855 (Colo. 1992). The issue of tolling is also governed by state law. Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Under Colorado law, "an equitable tolling of a statute of limitations is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996). "The Colorado Supreme Court has yet to find a case that qualifies as an 'extraordinary circumstance' that would justify tolling." Braxton v. Zavaras, 614 F.3d 1156, 1160 (10th Cir. 2010).

Here, plaintiff did not respond to the defendant's motion. The court notes, however, that in the original Prisoner Complaint plaintiff notes in the Nature of the Case section that he has "been mentally ill from (2000) - (2009) and thats why I couldn't file this - Complaint sooner - then now the - records will show this . - etcetc/-" (Docket No. 3 at 4). Plaintiff did not make the same or similar statement

---

[1] Attached to the original Prisoner Complaint is a purported copy of the Judgment in a Criminal Case concerning plaintiff's guilty plea to voluntary manslaughter for an offense that concluded on April 6, 2000. (Docket No. 3 at 11, Criminal Case No. 02-CR-248-M, United States District Court for the District of Colorado).

in his amended pleading. Moreover, plaintiff has made no showing in support of his bald mental illness claim and thus has not met his burden of showing that the statute has been tolled. Furthermore, the court takes judicial notice of the following. During the period plaintiff claims that mental illness prevented him from filing this action, he filed other *pro se* actions, including two complaints that reference the murder of Martin and the alleged plot by Bureau of Prisons officials to have Martin kill plaintiff. See Baxter v. Samples, Civil Action No. 07-cv-02329-ZLW, Docket No. 3 at 3; Hill v. BOP, Civil Action No. 07-cv-00818-ZLW, Docket No. 1-1 at 5. See also Baxter v. Manley, Civil Action No. 08-cv-00620-CBS-KMT;.

In addition, it is recommended that the court dismiss the claims against the other defendants, who have not been served, on the same ground *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ."). Such *sua sponte* dismissal of an affirmative defense is permissible if "it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." Vasquez Arroyo v. Starks, 589 F.3d 1091, 1097 (10th Cir. 2009). See Fratus v. DeLand, 49 F.3d 673, 674-75 (10th Cir. 1995) (Such dismissal is permissible "only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.")(brackets and internal quotation marks omitted). Here, the time bar is obvious from the face of the Amended Prisoner Complaint, and the plaintiff was given notice and an opportunity to be heard on the issue through the motion to dismiss at bar,

7

but he did not file a response in which he could have raised a tolling issue.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Defendants' Motion to Dismiss **(Docket No. 28)** be **granted** and that the claims against defendants Laird, Eggleston, and Hanson be dismissed with prejudice as time-barred.  It is further

**RECOMMENDED** that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the court *sua sponte* dismiss as time-barred the claims against the other defendants.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  April 18, 2011                              s/ Michael J. Watanabe
       Denver, Colorado                            Michael J. Watanabe
                                                                United States Magistrate Judge